IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-317-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| REY FRANCISCO HERNANDEZ-ALAVEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion for compassionate release. (DE 52). The government did not respond to the motion, and in this posture, the issues raised are ripe for ruling. For the reasons stated below, the court denies the motions.

## BACKGROUND

On August 14, 2019, defendant was indicted for illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a) (count one); and possession of ammunition by an illegal alien, in violation of 18 U.S.C. §§ 924(g)(5)(A) and 924 (count two). On December 16, 2019, defendant pleaded guilty to both counts. On July 1, 2020, the court sentenced defendant to 24 months' imprisonment on each count with the terms to be served concurrently.

Defendant, proceeding pro se, filed the instant motion for compassionate release on July 15, 2020. In support, defendant raises concerns about his risk of contracting the communicable disease known as COVID-19 and alleges the correctional institution where he is housed is not addressing the pandemic adequately. For example, defendant contends that the United States Marshals Service is transferring prisoner's among jails without reason, and that within Western Tidewater Regional Jail, inmates that have been exposed to COVID-19 are placed into isolation

where there are only four cells, some cells do not have properly working exhaust fans, and the area is full of feces and urine.

As stated above, the government did not respond to defendant's motion.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step Act § 603, 132 Stat. at 5239.

The court may reduce defendant's term of imprisonment if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Sentencing Commission promulgated U.S.S.G. § 1B1.13 as the policy statement applicable to compassionate release motions filed by the FBOP. Section 1B1.13 is substantially similar to § 3582(c)(1)(A), but adds that before granting compassionate release the court must determine "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See U.S.S.G. § 1B1.13(1)(B)(2).

---

[1] The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to defendant.

Application note one to U.S.S.G. § 1B1.13 provides the Sentencing Commission's views on when extraordinary and compelling reasons justify compassionate release:

- (A) Medical Condition of the Defendant.

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is

    > (I) suffering from a serious physical or medical condition,
    > (II) suffering from a serious functional or cognitive impairment, or
    > (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

- (B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

- (C) Family Circumstances.

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

- (D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, app. n.1.

Because the current version of U.S.S.G. § 1B1.13 applies to motions filed by the FBOP and has not been updated since the First Step Act's amendments to § 3582(c)(1)(A), some district courts have determined that the foregoing policy statement is not a binding "applicable policy statement" when the defendant moves for compassionate release. See, e.g., United States v. Beck, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). Assuming without deciding that the current policy statement is non-binding, the provision provides important guidance to district courts when evaluating compassionate release motions, particularly where the majority of the application note's definition of extraordinary and compelling reasons applies regardless of whether the FBOP or defendant files the motion. See id. The court, however, arguably has authority to grant compassionate release if it finds extraordinary and compelling circumstances justify reducing defendant's sentence even if such circumstances are not specifically delineated in U.S.S.G. § 1B1.13. See id.

Defendant has not demonstrated that he exhausted administrative remedies prior to filing the instant motion. Nevertheless, where the government did not respond to the motion and therefore has not raised defendant's failure to exhaust administrative remedies as a defense to the instant motion, the court will proceed to address the merits. See United States v. Alam, 960 F.3d 831, 833-34 (6th Cir. 2020) (holding § 3582(c)(1)(A)'s administrative exhaustion requirement is not jurisdictional and must be "properly invoked" by the government).[2]

Defendant's instant motion does not establish grounds for compassionate release under U.S.S.G. § 1B1.13, or otherwise demonstrate that extraordinary and compelling reasons justify

---

2   The United States Court of Appeals for the Fourth Circuit has not addressed in a published opinion whether § 3582(c)(1)(A)'s administrative exhaustion requirement is jurisdictional, or the substantive standard for evaluating compassionate release motions.

4

release. The presence of COVID-19 in the federal prison system standing alone does not justify compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Further, defendant presents no evidence that he has any current health conditions that would place him at increased risk for developing severe complications if he contracted COVID-19. In the absence of any qualifying medical conditions that place defendant at risk of severe complications from COVID-19, defendant fails to establish extraordinary or compelling reasons for granting release. See id.; United States v. Barnes, No. 5:17-CR-326-FL-1, 2020 WL 4572918, at *3 (E.D.N.C. Aug. 7, 2020); United States v. Foster, No. 5:08-CR-87-FL-1, at *6 (E.D.N.C. July 24, 2020; United States v. Dunn, No. 7:16-CR-108-FL, at *5 (E.D.N.C. July 21, 20).

Defendant also has not established that the 18 U.S.C. § 3553(a) factors support early release because of the violent nature of defendant's instant conviction. Defendant was arrested after threatening to kill his wife and firing three rounds of ammunition into the front driver's side tire of her vehicle while she and her five-year-old son were inside the vehicle. (Presentence Investigative Report (DE 38) ¶ 11). Further, defendant received a five-level enhancement at sentencing because a firearm was discharged. The court finds the current sentence remains necessary to reflect the seriousness of the offense, protect the public, and deter defendant from further criminal conduct.[3]

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 52) is DENIED.

---

[3] To the extent defendant is requesting injunctive relief from the alleged conditions present within Western Tidewater Regional Jail, defendant's transfer to Bennettsville Federal Correctional Institution renders the request moot. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009).

SO ORDERED, this the 10th day of November, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

6